IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

PATRICK THOMAS CARTER,  No.05-cr-30125-DRH

Defendant.

### ORDER

**HERNDON, Chief Judge:**

On August 19, 2008, the Court issued an Order (Doc. 24) denying Defendant Carter's motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, because the Court did not have jurisdiction to hear the motion. Defendant now files, *pro se*, a Motion for Reconsideration (doc. 25) of the Court's Order.

Defendant seeks reconsideration of the Order denying his motion for reduction under Rule 35 because Defendant Carter argues that he provided information to the government and that information was not known until over a year after sentencing. However, nowhere under the **FEDERAL RULES OF CRIMINAL PROCEDURE** exists the authority for one to file a "motion for reconsideration" of a previous court ruling, although such procedural vehicle does exist in civil cases. **See *United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a "motion to reconsider...[t]here is no authority in the Federal**

**Rules of Criminal Procedure for a "motion for reconsideration.").** Therefore, the instant Motion is not proper and should be denied for this reason.

Further, the Court lacks jurisdiction to entertain Defendant Carter's motion for reduction of sentence pursuant to Rule 35 (Doc. 23). Contrary to what Defendant Carter suggests, Rule 35 is inapplicable because his motion was brought over two years *after* judgment and the imposition of sentence (January 18 and January 19, 2006 respectively); it does not appear to be brought to correct the sentence arithmetical, technical or other clear error, and the *Government* has not filed a motion to reduce. Although Defendant Carter suggests that a reduction can be granted under Rule 35(b) for substantial assistance, the Court may only reduce a sentence under Rule 35(b) upon the *Government's* motion and the Government has not filed a motion for reduction. The Court therefore lacked jurisdiction to hear the motion because the motion did not fall within any of the authorized exceptions.

Accordingly, the Court **DENIES** Defendant Carter's motion for reconsideration (Doc. 25).

    **IT IS SO ORDERED.**

Signed this 14th day of January, 2009.

    /s/  David R Herndon
    **Chief Judge**
    **United States District Court**